[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
It would have been more appropriate for the defendant to have filed a request to revise. The fact remains that we are a fact pleading state. Each "pleading", which would include special defenses and counter claims, must "contain a plain and concise statement of the material facts on which the pleader relies," P.B. § 108. Even though contracts can be stated according to their legal effect, for example, "the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove," P.B. § 109. These requirements are stated throughout the practice book. P.B. § 131 states that the complaint shall "contain a concise statement of the facts constituting the cause of action." A motion to strike, on the other hand, is the mechanism used to test "the legal sufficiency of any `counterclaim' or `special defense's'", P.B. § 152(5). Like the old common law demurrer, the motion to strike admits facts well pleaded but only does so for the purpose of determining their legal sufficiency; a demurrer or motion to strike does not admit mere legal conclusions but only facts. Stephenson, ConnecticutCivil Procedure, § 116(a)(c). Thus, a motion to strike cannot be resisted by a pleading that only states legal conclusions that are not supported by the appropriate factual allegations.
Each one of the special defenses and the counter claim are completely conclusory and devoid of factual allegations. The defendant's memorandum in opposition to the motion to strike treats the motion as if it were one for summary judgment arguing at various points that it should not be granted because disputed factual issues remain or must be decided. The defendant's memorandum then refers to factual allegations that could be made to support the defenses asserted. But the appropriate factual CT Page 7951 allegations must be made in the pleadings themselves. The court cannot disagree with some of the broad principles of law set forth by the defendant. For example, the first special defense says the agreement is void against public policy because the fee charged is unreasonably large and not reasonably related to the services allegation to support an argument that the agreement's terms are unconscionable. The fourth special defense relies on the same claim as one of the grounds for the CUTPA count. But for pleading purposes this allegation is not supportable on its face unless the particular facts and circumstances of the agreement in light of he parties and their relationship to each other are set forth so as to support a claim that in this case the fee was unreasonable.
In all the special defenses and the CUTPA count it is stated in support of the allegations made that "the plaintiff was not licensed in any fashion to represent the defendant's interests." Under certain circumstances that claim could give rise to defenses and perhaps a CUTPA claim but nowhere in the pleadings are such circumstances set forth. The defendants, in their memorandum, appear to argue that the necessity of licensing arises because the defendants "are clearly in the class of persons to be protected by such licensing requirements." That may be a valid argument but the plaintiff is entitled to demand by means of a motion to strike the factual basis for the assertion of a claim that the status of the defendants requires such protection. What "status" is meant and where are the factual allegations that would support any definition of status that would be appropriate to the argument?
Another claim in the first, second, and fourth special defenses and the first count of the counter claim which sets forth the CUTPA claim asserts that the fee is based on a contingency fee of recovery and this is used to support the various legal theories used in these pleadings. The claim is made that such fees are improper. No argument is presented why or when this is so based on the facts of this case or the particular relationship of the parties. Huybbell, Inc. v. City of Bridgeport, 1990 WL 66270 is cited but there the court merely says "while the issue is not properly before the court . . . appellate courts of other states have reached disparate conclusions as to whether contingent fee agreements violate public policy." But generally speaking, parties have the right to enter into a variety of contractual arrangements. How can the court conclude on the basis of no factual allegations that a contingent fee arrangement would violate public policy, be unconscionable or form the basis of a CUTPA action or a defense under that statute? In certain CT Page 7952 circumstance, given the relative bargaining position and expertise of the parties, the nature of the work contracted for, et cetera, a contingency fee would be improper but there must be factual allegations to support this broad claim. As a general proposition, the court cannot decide that in all cases a contingent fee arrangement is improper or violative of the law.
The second count of the counter claim is similarly conclusory. The particular terms of the agreement referred to in this count are nowhere indicated, there is no allegation as to how or why the amount paid to the plaintiff exceeds the "reasonable time expended by the plaintiff." It is unclear whether the lack of reasonableness claim is based on the very nature of the agreement itself or the fact that the actual time spent was de minimis. The defendant's memorandum states that this count raises the issue of the validity of the contingency fee. That only underlines the inadequacy of the factual allegations. Because the claim does not fully disclose the ground of the claim, the court will order a fuller and more particular statement, cf § 108 of the Practice Book. In effect, that is the basis on which the court will grant the motion to strike. However, the court does not rule on any of the substantive issues as to the merits of the special defenses and the issues sought to be raised by the counter claim.
The motion to strike on this basis is granted.
CORRADINO, J.